IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FLOYD T. MORTON,

                                                 OPINION AND ORDER

                            Plaintiff,

                                             20-cv-1070-bbc

        v.

JOHN DOE,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Floyd Morton has filed a civil action under 42 U.S.C. § 1983, alleging that a police officer at the Dane County jail violated his constitutional rights by destroying his personal property. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff may not proceed with any claims at this time because his complaint does not provide sufficient information for this court to determine whether his allegations state a claim against defendant. Although I am dismissing the complaint, I will give plaintiff an opportunity to file an amended complaint that explains his claim more clearly.

OPINION

Plaintiff alleges that while he was incarcerated at Dane County jail on July 7, 2020, defendant John Doe, a police officer, destroyed his property at "tag #458533 (case no. 20-246333)" without his consent or "option to destroy [his own] property," in violation of jail

1

policy and procedure.  Dkt. #1 at 2.  The due process clause of the Fourteenth Amendment prohibits a government official from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. To prevail on a § 1983 procedural due process claim, a plaintiff must demonstrate that he:  (1) has a cognizable property interest; (2) has suffered a deprivation of that interest; and (3) was denied due process.  Khan v. Bland, 630 F.3d 519, 527 (7th Cir. 2010).  However, plaintiff's allegations are too vague to state a Fourteenth Amendment claim against defendant.  Plaintiff does not identify the property destroyed or discuss the events that led to its destruction.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short of plain statement of the claim showing that the pleader is entitled to relief."  This means that the complaint must provide notice to the defendant of what plaintiff believes he or she did to violate his rights.  The complaint must contain enough allegations of fact to support a claim under federal law.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  Plaintiff's complaint does not include enough information to meet this standard.

I will dismiss plaintiff's complaint without prejudice and give plaintiff the opportunity to file an amended complaint to better explain his claims against defendant.  In drafting his amended complaint, plaintiff should be sure to state clearly what happened, when it happened and what defendant did, or did not do, that plaintiff believes violated his constitutional rights.  Plaintiff also should make sure that he alleges facts to answer the following questions:

2

1.      What property was destroyed?

2.      How did plaintiff encounter defendant and what events led to the destruction of plaintiff's property?

3.      What reasons was plaintiff given for the destruction of his property?

4.      Was plaintiff provided notice that his property would be destroyed and an opportunity to be heard?

4.      What jail policy and procedure did defendant allegedly violate?

5.      What remedies, if any, did the jail provide for plaintiff to challenge defendant's actions after the property was destroyed, such as a grievance or hearing?  Did plaintiff purse any such remedy?

Plaintiff should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation.  He also should set forth his allegations in separate, numbered paragraphs and use short and plain statements.  Plaintiff should explain in the complaint itself what happened and not refer to facts contained in documents attached to the complaint.  After he finishes drafting a complaint, he should further review it and consider whether it could be understood by someone who is not familiar with the facts of his case.  If plaintiff files an amended complaint, I will review it under 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that plaintiff Floyd Morton's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff may have until April 28, 2021 to file an amended complaint as set forth above.  If plaintiff does not file an amended complaint by April 28, 2021, I will dismiss this case with prejudice for his failure to state a claim upon which relief may be granted and will assess a strike against plaintiff under 28 U.S.C. § 1915(g).

Entered this 7th day of April, 2021.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

4